IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER STONER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:16-CV-00678-DGK |
| ) | (Crim. No. 13-00368-01-CR-W-DGK) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOTION TO CORRECT SENTENCE

Petitioner Christopher Stoner ("Petitioner") pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the Court sentenced him to 108 months' imprisonment.

Now before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) under 28 U.S.C. § 2255 and Government's Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits (Doc. 12). Because the Supreme Court recently rejected Petitioner's argument in *Beckles v. United States*, 137 S. Ct. 886 (2017), his § 2255 motion is DENIED. The Government's motion to Deny Petitioner's motion is GRANTED.

## Background[1]

On March 5, 2014, Petitioner pled guilty absent a written plea agreement to one count of being a felon in possession of a firearm. (Crim. Doc. 21). On October 27, 2014, the Court sentenced Petitioner to 108 months' imprisonment after carefully considering the relevant factors and reviewing the United States Sentencing Guidelines (the "Guidelines"). In calculating

---

[1] The facts in this section derive from: (1) the criminal case record; and (2) the allegations in Petitioner's motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Petitioner to relief, the Court denies him an evidentiary hearing and rules on the facts in the record. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

Petitioner's Guidelines range, the Probation and Parole Office found he was eligible for an enhanced base offense level because he had a prior conviction that qualified as a "crime of violence." Specifically, the Presentence Investigation Report ("PSR") found Petitioner's prior Missouri conviction for second-degree burglary qualified him for an enhancement under Guidelines § 2K2.1(a). *See* PSR ¶¶ 10, 30 (Crim. Doc. 24). This enhancement elevated Petitioner's base offense level to 20, yielding an advisory imprisonment range of 37 to 46 months. The Court sentenced Petitioner above the advisory range, but below the statutory maximum of 10 years. Petitioner appealed, and the Eighth Circuit Court of Appeals affirmed his sentence on August 3, 2015. *United States v. Stoner*, 795 F.3d 883 (2015).

Petitioner filed the instant motion on June 21, 2016. The Court withheld ruling while awaiting the Supreme Court's opinion in *Beckles*. That decision was handed down on March 6, 2017.

**Discussion**

A district court may vacate a sentence if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple . . . errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citation omitted).

Petitioner argues his prior conviction of second-degree burglary no longer qualifies as a crime of violence in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court decision invalidating the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). Petitioner contends that under *Johnson*, the Court's Guidelines calculation violated due process.

This argument is without merit. Petitioner was not sentenced under the ACCA, but instead under a similarly-worded provision in the Guidelines. *See* U.S.S.G. § 4B1.2. The Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause like the ACCA's residual clause was in *Johnson*. *Beckles*, 137 S. Ct. at 896. Unlike the ACCA, the Guidelines do not fix the permissible statutory range of punishment. *Id.* at 894. They merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the permissible range. *Id.* Here, Petitioner was sentenced to a term of imprisonment that was not in excess of the statutory maximum and, therefore, not an illegal sentence.

Petitioner's claim is denied.

## Conclusion

For these reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is DENIED, the Court will not hold an evidentiary hearing, and the Court declines to issue a certificate of appealability. The Government's Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits (Doc. 12) is GRANTED.

**IT IS SO ORDERED.**

Date: August 30, 2017    /s/ Greg Kays
                           GREG KAYS, CHIEF JUDGE
                           UNITED STATES DISTRICT COURT